**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **FATEMAH GHARBI AND MOHAMMAD** | § | |
| **H. GHARBI** | § | |
| | § | |
| **PLAINTIFFS,** | § | |
| | § | |
| **V.** | § | **A-10-CA-382 LY** |
| | § | **(Consolidated with A-11-CA-924 LY)** |
| **FLAGSTAR, VERICREST FINANCIAL** | § | |
| **INC., AND SUMMIT TRUSTEE** | § | |
| **SERVICES, LLC,** | § | |
| | § | |
| **DEFENDANTS.** | § | |

## ORDER

Before the Court are Vericrest Financial, Inc. and Summit Trustee's Motion to Dismiss or

in the Alternative, Motion for More Definite Statement, filed November 17, 2011 (A-11-CA-924

Clerk's Dkt. #12); Mohammad Gharbi's Motion for Injunction and Motion to Approve Adding

Mohammad H. Gharbi as Plaintiff, filed December 5, 2011 (A-10-CA-382 Clerk's Dkt. #27);

Fatemeh Gharbi's Motion to Approve Adding Plaintiff's Husband, Mohammad H. Gharbi as

Plaintiff to the Subject Lawsuit, filed December 5, 2011 (A-10-CA-382 Clerk's Dkt. #29);

Defendants' Response to Plaintiff Fatemeh Gharbi's Motions, filed December 16, 2011 (A-10-CA-

382 Clerk's Dkt. #35), and Flagstar's Motion to Dismiss, filed February 20, 2012 (A-10-CA-382

Clerk's Dkt. #38); and Plaintiffs' Motion to Seek Permanent Injunction and Amend the Original

Complaint for Additional Damages, filed February 29, 2012 (A-10-CA-382 Clerk's Dkt. #40).[1] The

motions were referred by United States District Judge Lee Yeakel for resolution pursuant to 28

---

[1]Plaintiffs' Motion to Seek Permanent Injunction and Amend the Original Complaint for
Additional Damages was recently filed and the time for response has yet to elapse. However, based
upon this Court's rulings on the other motions, the motion should be addressed in this order as well.

U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

In A-10-CA-382 Plaintiff Fatemah Gharbi filed a complaint against Flagstar asserting a multitude of claims relating to alleged misdeeds in the issuance of a mortgage.[2] In A-11-CA-924 Plaintiffs Fatemeh and Mohammad Gharbi filed a complaint against Vericrest Financial, Inc. ("Vericrest") and Summit Trustee ("Summit") asserting the same claims as listed above in A-10-CA-382. The District Court entered an order consolidating A-10-CA-382 and A-11-CA-924. (A-10-CA-382 Clerk's Dkt. #31). Prior to the consolidation, Fatemeh and Mohammad Gharbi moved to add Mohammad Gharbi as Plaintiff.[3] (A-10-CA-382 Clerk's Dkt. #27, #29). Given the consolidation of the two cases, both Mohammad and Fatemeh Gharbi are now plaintiffs in the consolidated case. Thus, the Court will interpret the Gharbis' motions as requests that Mohammad Gharbi assert the same claims against Flagstar as those asserted by Fatemeh Gharbi in A-10-CA-382, and GRANT that request.

---

[2]These include the following claims: (1) carefully crafted connivance, (2) lack of standing, (3) criminal conspiracy and theft, (4) agent practiced up-selling, (5) fraudulent inducement, (6) extra profit on sale from loan product, (7) lender attempting to fraudulently collect on void lien, (8) lender profit by credit fault swap derivatives, (9) false fees, (10) lender conspired with appraiser, (11) lender conspired with trustee, (12) business practices concerning disregarding of underwriting standards, (13) unjust enrichment, (14) quiet title, (15) common law fraud, (16) intentional infliction of emotional distress, (17) Truth in Lending Act (TILA) violations, (18) Real Estate Settlement Procedures Act (RESPA) violations, and (19) Deceptive Practices Act violations.

[3]Plaintiffs also requested the Court allow their daughter Maryam Gharbi to speak on their behalf. The Court notes that Plaintiffs' daughter is not a licensed attorney in the state of Texas or before this Court and thus cannot act as Plaintiffs' counsel. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) party can represent himself, or be represented by an attorney, but cannot be represented by a non-lawyer). Maryam Gharbi is free to assist her parents in their case but, as parties, Fatemeh and Mohammad Gharbi bear the ultimate responsibility for their suit and must sign their own submissions to the Court.

Vericrest and Summit request the Court dismiss Plaintiffs' Complaint for failure to comply with the "short and plain statement" requirement imposed by Federal Rules of Civil Procedure Rule 8 and for failure to state a claim upon which relief can be granted under Rules 9(b) and 12(b)(6). (A-11-CA-382 Clerk's Dkt. #12). In the alternative, Vericrest and Summit request the Court order Plaintiffs to provide a more definite statement of their claims. The deadline for Plaintiffs' response to Vericrest and Summit's motion has passed, and the motion is ripe for consideration.

Regarding Rule 8, Vericrest and Summit assert that Plaintiffs violate Rule 8's "short and plain statement" requirement by filing a copycat pleading that is excessively long, unnecessarily redundant, laments the woes of the real estate industry generally, and accuses unnamed defendants. Regarding Rule 9(b), Vericrest and Summit point out that Plaintiffs neither reference any elements nor provide any factual allegations regarding their purported fraud claims. Vericrest and Summit argue the fraud claims should be dismissed based upon the heightened pleadings requirements for fraud claims under Rule 9(b) which requires "all averments of fraud be pled with particularity." *United States ex rel Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997).

Regarding Rule 12(b)(6), Vericrest and Summit point out that Plaintiffs neither reference any elements nor provide any factual allegations regarding a number of claims and that, as a result, these claims should be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Vericrest and Summit cite Plaintiffs' loan modification and negotiation allegations; conspiracy claims; unjust enrichment claims; lack of standing and quiet title claims; intentional infliction of emotional distress claim, RESPA, TILA, and Deceptive Practices Act claims;

negligence claims; breach of fiduciary duty claims; and breach of the implied covenant of good faith and fair dealing claims.

The Court has reviewed Plaintiffs' complaint and finds Vericrest and Summit's characterization well founded. Specifically, the complaint is replete with accusations but lacking in facts, and the complaint duplicates form complaints seen in other cases before this Court. That said, "[i]n general, it is not proper for a district court to dismiss a pro se complaint without affording the plaintiff the opportunity to amend." *Ybarra v. Meador*, 427 Fed.Appx. 325, 326 (5th Cir. 2011) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). Furthermore, the Gharbis have already moved to amend the relief they seek in their Motion to Seek Permanent Injunction and Amend the Original Complaint for Additional Damages (Clerk's Dkt. #40).

In light of this, the Court finds an amended complaint would most effectively address the various parties' motions. Plaintiffs should thus be ordered to amend their complaint to specify the parties, their claims, the elements of their claims, and the factual allegations to support those claims. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court has made clear this plausibility standard is not simply a "probability requirement" but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949-50.

While the Plaintiffs should not offer merely a threadbare recital in their Amended Complaint, they should also refrain from offering an excess of superfluous arguments and facts. Again, Plaintiffs' Amended Complaint needs to clearly articulate (1) the parties, (2) their claims, (3) the

elements of their claims, and (4) the factual allegations to support those claims. For examples of how to write a complaint, Plaintiffs should review the form complaints available in the Appendix to the Federal Rules of Civil Procedure.  *See* Forms 10-21, FED. R. CIV. P. Appendix of Forms.

In addition, regarding their fraud claims, Plaintiffs should specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.  *See Columbia/HCA*, 125 F.3d at 903 ("[a]t minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where, and how of the alleged fraud"). Furthermore, Plaintiffs should refrain from including unrelated matters and include only their legal claims and facts in support of those claims.

Accordingly, the Court hereby ORDERS Plaintiffs to file an amended complaint, including all relevant parties and claims, within twenty-one (21) days of the filing of this order. The Court further ORDERS Plaintiffs amend their complaint in a manner that addresses the deficiencies discussed above. A failure to comply with this order will result in this Court recommending dismissal of Plaintiffs' complaint for want of prosecution.

Before considering Vericrest and Summit's Motion to Dismiss or in the Alternative, Motion for More Definite Statement (A-11-CA-924 Clerk's Dkt. #12) or Flagstar's Motion to Dismiss (A-10-CA-382 Clerk's Dkt. #38), the Court will allow Plaintiffs to file their Amended Complaint. Assuming that the Gharbis file an amended complaint as called for by this Order, Vericrest, Summit, and Flagstar will likely want to withdraw those motions and file new responsive pleadings based on the newly filed complaints.   Thus, the Court will not at this time issue a Report and Recommendation regarding Vericrest and Summit's Motion to Dismiss or in the Alternative, Motion for More Definite Statement or Flagstar's Motion to Dismiss.

Consistent with this, Mohammad Gharbi's Motion for Injunction and Motion to Approve Adding Mohammad H. Gharbi as Plaintiff (A-10-CA-382 Clerk's Dkt. #27); Fatemeh Gharbi's Motion to Approve Adding Plaintiff's Husband, Mohammad H. Gharbi as Plaintiff to the Subject Lawsuit (A-10-CA-382 Clerk's Dkt. #29); and Plaintiffs' Motion to Seek Permanent Injunction and Amend the Original Complaint for Additional Damages (A-10-CA-382 Clerk's Dkt. #40) are hereby DISMISSED AS MOOT.

FURTHER, the Court ORDERS Plaintiffs to file an amended complaint consistent with the directives above, within twenty-one (21) days of the filing of this order, that is, no later than Monday, March 26, 2012.

SIGNED this 5th day of March, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

6