IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FATEMAH GHARBI AND MOHAMMAD H. GHARBI | § § § | |
| PLAINTIFFS, | § § § | |
| V. | § § | **A-10-CA-382 LY** |
| | § | **(Consolidated with A-11-CA-924 LY)** |
| FLAGSTAR, VERICREST FINANCIAL INC., AND SUMMIT TRUSTEE SERVICES, LLC, | § § § § | |
| DEFENDANTS. | § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  DISCUSSION

This is a pro se civil action brought by Fatemah and Mohammad H. Gharbi against Flagstar, Vericrest Financial Inc., and Summit Trustee Services, LLC. Previously, Vericrest and Summit filed a Motion to Dismiss or in the Alternative, Motion for More Definite Statement (A-11-CA-924 Clerk's Dkt. #12) and Flagstar filed a Motion to Dismiss (Clerk's Dkt. #38)—each of which address deficiencies in Plaintiffs' complaint.  Also, Plaintiffs moved to amend their complaint in the following motions: Mohammad Gharbi's Motion for Injunction and Motion to Approve Adding

Mohammad H. Gharbi as Plaintiff (Clerk's Dkt. #27); Fatemeh Gharbi's Motion to Approve Adding

Plaintiff's Husband, Mohammad H. Gharbi as Plaintiff to the Subject Lawsuit (Clerk's Dkt. #29);

and Plaintiffs' Motion to Seek Permanent Injunction and Amend the Original Complaint for

Additional Damages (Clerk's Dkt. #40).

In reviewing the motions to dismiss, the Court agreed that Plaintiffs' complaint suffered from

the noted deficiencies, but also concluded that "it is not proper for a district court to dismiss a pro

se complaint without affording the plaintiff the opportunity to amend."  Order of March 5, 2012

(Clerk's Doc. No. 43) at 4 (citing *Ybarra v. Meador*, 427 Fed.Appx. 325, 326 (5th Cir. 2011)).  Since

Plaintiffs had expressed a desire to amend, the undersigned thus ordered Plaintiffs to file an amended

complaint, including all relevant parties and claims, within twenty-one (21) days of the filing of that

order (March 5, 2012). *Id.* at 5.  The Court also provided the Plaintiffs with some guidance in what

they should include in the amended complaint.  Finally, the Court admonished the Plaintiffs that their

failure to timely file the amended complaint would result in a recommendation that the case be

dismissed for failure to comply with a court order.

The deadline for filing Plaintiffs' amended complaint passed on March 26, 2012, and

Plaintiffs have yet to submit an amended complaint.[1]  A district court has authority to dismiss a case

for want of prosecution or failure to comply with a court order.  FED. R. CIV. P. 41(b); *Larson v.

Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  This authority "flows from the court's inherent power

to control its docket and prevent undue delays in the disposition of pending cases."  *Baldwin v.*

---

[1]On April 3, 2012, the Gharbis filed their Advisory Motion that the Plaintiff Made Several
Attempts Verbally and in Writing with Defendants' Legal Representative in Good Faith to Propose
a Settlement Offer (Clerks' Doc. No. 52).  There is no mention in that filing of an intention to submit
an amended complaint, though it does demonstrate that Plaintiffs are clearly capable of filing a
pleading with the Court.

*Gladstone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626,

82 S. Ct. 1386 (1962)).   Such a dismissal may be with or without prejudice.   *Long v. Simmons*, 77

F.3d 878, 879-80 (5th Cir. 1996).   A dismissal with prejudice is appropriate only if the failure to

comply with the court order was the result of purposeful delay or contumacious conduct and the

imposition of lesser sanctions would be futile.   *Id.*; *Berry v. CINA/RSI-CINA*, 975 F.2d 1188, 1191

(5th Cir. 1992).

Plaintiffs have ignored a court order requiring them to provide an amended complaint.

Dismissal is clearly appropriate under the circumstances.   *See* FED. R. CIV. P. 41(b) (authorizing

dismissal of case for failure to comply with a court order).

## II.  RECOMMENDATION

The Magistrate Court hereby **RECOMMENDS** the District Court dismiss both Plaintiffs'

cases, as consolidated, without prejudice pursuant to FED. R. CIV. P. 41(b).

## III.  WARNING

The parties may file objections to this Report and Recommendation.   A party filing

objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See*

*Battles v. United States Parole Common*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations

contained in this Report within fourteen (14) days after the party is served with a copy of the Report

shall bar that party from *de novo* review by the District Court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

        To the extent that a Party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such Party a copy of this Report and Recommendation by certified mail, return receipt requested.

        SIGNED this 11th day of April, 2012.

                           ANDREW W. AUSTIN
                           UNITED STATES MAGISTRATE JUDGE